UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LONIEL GREENE, JR., <br><br> Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, et al., <br><br> Defendants. | Case No. 3:18-cv-00509 <br><br> Judge Aleta A. Trauger <br> Magistrate Judge Alistair E. Newbern |

To: The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

Pro se Plaintiff Loniel Greene, Jr., filed this action in the Chancery Court for Davidson County, Tennessee, alleging that Defendants JPMorgan Chase Bank, N.A. (Chase) and 1 Public Homes, LLC failed to provide him an opportunity to modify a loan he received to purchase an investment property. (Doc. No. 1-1.) The case was removed to this Court (Doc. No. 1). Soon thereafter, Greene passed way (Doc. No. 9). On July 1, 2019, Chase served a statement of Greene's death on his mother, Sherry Ann Long. (Doc. No. 20.) More than ninety days have passed since service was achieved and neither Long nor any other person has filed a motion to be substituted as the plaintiff in this action. Instead, Long has filed a motion to "drop the case." (Doc. No. 26.) The Magistrate Judge will recommend that this action be dismissed under Federal Rule of Civil Procedure 25(a)(1) and that Long's motion be found moot.

## I. Background

### A. Rule 25

Federal Rule of Civil Procedure 25 sets the procedure for substitution of a new party when an original party to an action dies. Rule 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of a proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

Rule 25 thus establishes a two-step procedure "'that protects those who have an interest in the litigation and the authority to act on behalf of the decedent by permitting substitution for the deceased party without unduly burdening the surviving party.'" *Lawson v. Cty. of Wayne*, No. 11-11163, 2012 WL 5258216, at *2 (E.D. Mich. Oct. 23, 2012) (quoting *Gruenberg v. Maricopa Cty. Sheriff's Office*, No. 06–0397, 2008 WL 2001253, *1 (D. Ariz. May 7, 2008)). First, a notice of death must be made on the record. *Id*. Second, the notice must be served on all parties in accordance with Rule 5 and all non-parties in accordance with Rule 4. *Id.*; Fed. R. Civ. P. 25(a)(3). If these two steps have been satisfied and no successor or representative moves for substitution "within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). Although the text of Rule 25 suggests that dismissal under such circumstances is mandatory, "Rule 6(b) authorizes the district court to exercise its discretion to permit a motion for substitution beyond the time originally prescribed when the failure to file the motion was the result of excusable neglect." *Kryder v. Estate of Rogers*, 296 F. Supp. 3d 892, 901 (M.D. Tenn. 2017); *see also* 7C Charles Alan Wright et al., *Federal Practice and Procedure* § 1955 (3d ed. Aug. 2019 update) ("Dismissal is not mandatory, despite the use of the word 'must' in the amended rule.").

B.      **Procedural History**

Chase removed this action to this Court on June 1, 2018, because Greene's complaint alleged violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq., and therefore presented a federal question. (Doc. No. 1.) On July 30, 2018, Chase filed a notice of suggestion of Greene's death, attaching a news article reporting that Greene had passed away. (Doc. No. 9.) The certificate of service appended to the notice stated that Chase sent the notice by certified and regular mail to Greene's last known address and by regular mail to two non-parties—the law firm of Shapiro and Ingle, LLP, and attorney Robert J. Notestine, III—on whom Greene had served the complaint. (Doc. Nos. 1, 1-1, 9.)

On September 10, 2018, Long moved to be substituted for Greene as the plaintiff, attaching Greene's death certificate to the motion. (Doc. No. 12.) The certificate shows that Long is Greene's mother and that Greene had no surviving spouse. (*Id.*) Chase responded in opposition to Long's motion, arguing that, without information about the status of any estate that had been opened for Greene, the Court could not conclude that Long is the proper party to pursue Greene's claims. (Doc. No. 13.) The Court agreed and ordered Long to file a supplement to her motion by December 26, 2018. (Doc. No. 14.) Long never responded to that order and, on January 30, 2019, Chase filed a motion to dismiss for failure to prosecute under Federal Rule of Civil Procedure 41(b). (Doc. No. 15.)

The Court denied Long's motion for substitution because she had not filed the supplemental information ordered by the Court. (Doc. No. 16.) The Court also denied Chase's motion to dismiss for failure to prosecute because Rule 41(b) applies only when a plaintiff fails to prosecute his or her case and non-party Long's inaction in response to the Court's order could not be the basis for dismissal under that rule. (*Id.*) Instead, where, as here, an action has stalled as a result of the plaintiff's death, Rule 25(a)(1) governs dismissal. The Court found that, even though

3

Long was clearly aware of this lawsuit, there was no indication that Chase had served her or any other potential successor to or representative of Greene with the notice of death in accordance with Rule 25 and the ninety-day period to move for substitution therefore had not yet begun to run. (*Id.*) Accordingly, the Court ordered Chase to file proof of service within thirty days. (*Id.*) On July 1, 2019, Chase filed an executed summons for Long showing that, earlier that day, Long had been personally served with Greene's complaint, the removal pleadings, a copy of the docket, the notice of Greene's death, Long's prior motion for substitution, and the Court's December 11, 2018 and May 29, 2019 orders. (Doc. No. 20.) On September 23, 2019, Long filed a "motion to drop the case." (Doc. No. 26.)

**II.     Analysis**

Chase has filed proof of service showing that Long was served with a statement of Greene's death on July 1, 2019. (Doc. No. 20.) More than ninety days have passed since that date and neither Long nor any other potential successor to or representative of Greene has filed a motion for substitution. Instead, Long has filed a motion stating that she does not wish to pursue Greene's claims. Therefore, this action should be dismissed under Rule 25(a)(1).

**III.    Recommendation**

For the foregoing reasons, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITH PREJUDICE[1] and that Long's motion (Doc. No. 26) be FOUND MOOT.

---

[1] "Rule 25(a)(1) uses the phrase 'must be dismissed,' but does not specify whether the dismissal 'must' be *with prejudice*." *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1094 (9th Cir. 2017) (emphasis in original). Given that Long has not expressed any interest in pursuing the claims Greene raised in this action in another forum, dismissal with prejudice is the appropriate result here. *Cf. id.* at 1092–93, 1096 (holding that dismissal without prejudice was consistent with Rule 25(a)(1) where deceased plaintiff's successors had missed the Rule 25(a)(1) deadline in federal court but were actively pursuing the same claims in state court); *see also Freeman v. Troutt*, Civil No. 3:10-0697, 2011 WL 1584647, at *1 (M.D. Tenn. Apr. 27, 2011) (dismissing some of plaintiff's claims with prejudice under Rule 25(a)(1)).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 15th day of October, 2019.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge